Chen v. Whitaker

BIA
Hom, IJ
A206 091 442

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of January, two thousand nineteen.

PRESENT:
> JOHN M. WALKER, JR.,
> PETER W. HALL,
> DENNY CHIN,
> *Circuit Judges.*

_____

PING CHEN,
> *Petitioner,*

v.                                        **17-549**
                                          **NAC**

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Khaghendra Gharti-Chhetry, New
                       York, NY.

FOR RESPONDENT:        Chad A. Readler, Principal Deputy
                       Assistant Attorney General; Keith
                       I. McManus, Assistant Director;
                       Rosanne M. Perry, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of
                       Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ping Chen, a native and citizen of the People's Republic of China, seeks review of a January 25, 2017, decision of the BIA affirming a December 8, 2015, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ping Chen,* No. A206 091 442 (B.I.A. Jan. 25, 2017), *aff'g* No. A206 091 442 (Immig. Ct. N.Y. City Dec. 8, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's

2

and witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  Substantial evidence supports the agency's determination that Chen was not credible as to her claim that police twice tried to arrest her on account of her religious practice and beat her during one of those incidents, and that she fears future persecution on account of her continued religious practice.

The agency reasonably relied on Chen's inconsistent testimony regarding when she began practicing Christianity in China and how long she did so.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  Chen repeatedly testified that she was denied a U.S. visa in December 2012, became depressed, and began practicing Christianity in February 2013.  She then confirmed this time frame of events using different terms, affirming that she began practicing Christianity two months after her visa was denied, and that she continued that practice for almost one year until she left China in November 2013.  However, when confronted with the Government's documentary evidence that her visa was denied in December 2011 rather than December 2012, Chen became

3

evasive and unresponsive about how long after the visa denial she began her religious practice, before changing her testimony to match the Government's evidence. She could not explain her inconsistent testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably relied on Chen's inconsistent testimony regarding whether her fear of persecution was limited to her local area, or nationwide. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). In order to explain why Chinese officials permitted her to leave China using her own passport when police were looking for her, Chen testified that it was only the local police who were interested in her. However, when testifying about her fear of future persecution, she claimed that she could not safely relocate within China because police would arrest her regardless of her location. Chen argues that it was speculative for the agency to find this testimony inconsistent because the IJ assumed incorrectly that she was a fugitive at the time she departed

4

China. She asserts that the police did not inform her family that she should report to them until after she had left the country. This argument fails because Chen testified that police had looked for her at her parents' house and wanted to question her before she left China. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) ("The speculation that inheres in inference is not bald if the inference is made available to the factfinder by record facts . . . ." (internal quotation marks omitted)). Furthermore, Chen's statement that she could not safely relocate to another part of China because police would arrest her, regardless of where in China she was, implies that the national police were looking for her at the time she left, not just the local police in Ankai. This implication—that the national police were looking for her before she left China—is contradicted by her assertion that before she fled China, it was only the local police who were looking for her, which is how she was able to leave China with her own passport and was able to pass the scrutiny of the national police at the airport. The IJ and BIA were entitled to rely on this inconsistency in making an adverse credibility determination.

Having questioned Chen's credibility, the agency reasonably relied further on her failure to rehabilitate

her testimony with reliable corroborating evidence. "An applicant's failure to corroborate . . . her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency did not err in declining to afford weight to unsworn letters from Chen's pastor and her mother in China or an unsworn form letter from her church in the United States. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to relative's letter because it was unsworn and from an interested witness). Even if credited, neither of the letters from China corroborates Chen's claim that she was beaten by police. Chen also did not proffer testimony or sworn statements to confirm her continuing religious practice from either the relative with whom she lives or anyone from her church in the United States.

Given Chen's inconsistent testimony and lack of reliable corroboration, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. That determination is dispositive of asylum, withholding of

removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Accordingly, we do not reach the agency's alternative burden finding. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

7